Amin Ijbara Equity Corp v. Village of Oak Lawn Mr. Salem May it please the Court, my name is Maurice Tain Salem, I represent the appellant in this case Your Honours, this class of one discrimination case has a series of injuries or events that occurred over a two year period In which event or injury was one the cause of action accrued is the issue that's before you The District Court, well there are three events that are candidates here The first was a filing of a foreclosure action by a private entity The second is the subsequent appointment of a receiver And the third, which the appellant contends, is the entry of a foreclosure judgment If you rule that that's when the cause of action accrued, then this action is not time barred Now, there are two cases that the District Court relied upon to determine that the filing of a foreclosure action was when the cause of action was accrued And those two cases are the Kelly and the Heilman cases Now those cases stand for the proposition that the injury must be certain In the Kelly case, the injury was the entry of an order that revoked a liquor license It was entered by an administrative law judge and that was when the injury occurred in Kelly In Heilman the injury was when you had an official election And in Heilman they referenced Kelly Which compared the actual official election is comparable to the entry of an order And both Kelly and Heilman basically stated that the injury itself cannot amount to nothing at all It must be relatively certain What's the injury here? The injury that the District Court believes was when the cause of action accrued was when a private entity filed the... No, I'm not asking you when the cause of action accrued I'm asking you with respect to your client, what actually is the injury in this case? The foreclosure judgment, the loss of his plaza as a result of the official in the village So it's the loss of his property And also the two years of a series of actions by the village official to injure him on the basis of malice As I understand the reading in Heilman, in terms of how you, first of all, how you determine when the cause of action accrued Which is the actual issue in this case, correct? Yes Is that you first have to look, first identify the injury and then decide when Essentially the question is when the individual knew or should have known of the injury And in Heilman it indicates that you identify the injury And then the next determination must be made is the date on which the plaintiff could have sued for that injury So in this case, if the injury is identified as the loss of his property or the foreclosure The question is when could he have sued based on that foreclosure And so the question is could he have sued when the foreclosure was filed Or was it not ripe until the judgment? Your Honor, if he sued when the foreclosure was filed Filing the foreclosure, Your Honor, that could have been dismissed, it could have been withdrawn Many times that happens It's not a certain entity You can't compare a private entity filing a foreclosure action to an order in Kelly or to an election in Heilman The foreclosure was not irrevocable until the judgment Correct, Your Honor And so both Kelly and Heilman support Appellant's argument that the injury occurred when the judgment was entered Because it's too speculative to say that the filing of the judgment was the injury Excuse me, the filing of the foreclosure was the injury Because many times foreclosures are filed And also the appointment of a receiver Didn't the judge say that you had alleged that as early as December 2010 The defendants were able to prohibit any prospective tenants from moving into the plaza? That's correct, that's one of the injuries, one of the series So that's an injury Yes, Your Honor That occurred in December 2010 So is that when the statute of limitations started to run? Your Honor, then you're speculating Yes or no? No, Your Honor, it isn't Why not? Because the injury started in 2009 with a series of injuries Well, that doesn't help you Well, Your Honor, I could easily pick any other point, any other injury within those two years What your complaint said is that defendants were able to prohibit any prospective tenants from moving into the plaza after December 2010 Now, why isn't that an injury? Because it's speculative, Your Honor No, it's not speculative You said they were able to prohibit any prospective tenants Where's the... What's speculative about that? Your Honor, I agree with you It is an injury And I agree And also there's... So why doesn't that start the statute of limitations? Because it is not a... As Kelly Heilman says It is not a certain injury It's not comparable to an order and it's not comparable to an election I don't understand How are they able to prohibit prospective tenants from moving into the plaza? Because of not giving a license, a business license They could argue that, well, it's a legitimate reason we couldn't give them a business license because of X, Y, and Z The issue isn't whether it's a legitimate reason The issue, which is your own complaint Right Is that the defendants, for whatever... Whatever means, we're prohibiting... We're keeping tenants out of the plaza, right? Right, that's correct That's an injury It is an injury And, Your Honor, we need guidance So that's an injury Why doesn't the injury start the running of the statute of limitations? Well, then I can ask you why it isn't a subsequent injury No, don't ask me, please Just answer my question The reason, Your Honor, because it is not an injury like the entry of a judgment Well, it's not like having your head cut off, but it is an injury It is, Your Honor It's a commercial injury Commercial injuries trigger statutes of limitations That's correct, Your Honor Then an extension of that reasoning would be that at the beginning of the series of... I don't want to extend the reasoning You say in your complaint they kept tenants out of the plaza They did And you say that's an injury And the question is, if it's an injury, why doesn't it start the statute of limitations running? Well, Your Honor, it can start it But at the same time, the first injury in the two years of series of injury can also start it So, are we to say that if there's a series of injuries over two years, you're going to have to... From the beginning of the series of injuries, you're going to have to know that your constitutional right was violated I don't think that's practical, Your Honor I think what's needed here, if you... But this isn't the first injury No, it isn't So where do we draw the line? So by the time you have the second injury, why don't you know you're being injured? And you better sue within the statute of limitations Isn't the standard, as Heilman, the case you cite to it, indicates that a Section 1983 claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated? That's correct And so the question here is, when they were... Isn't it a question whether or not the appellant at that point knew, at that point, that his rights were being violated? That's correct And the first injury in the two years of series of injury, then if your decision is, from that point, the tenant should... The appellant or the injured party should know, then that would be an unfortunate decision because it is extremely difficult to know from the first injury, in a two-year series of injuries, that their rights have been violated We're not talking about the first. We're talking about December 2010 It may be impossible to know at that point that your rights may continue to be violated for two years But it's not impossible to know that your rights are being constitutionally violated at that point, is it? I would use the word impossible We're talking about an ongoing course of action here Well, then where, within a series of events, do you draw the line? It's so arbitrary that you need to have a decision that backs up Heilman Well, ordinarily, you draw the line at the first injury Now, you want to draw the line, in your complaint, at the second injury, at December 2010 Right, Your Honor And the reason I do is because it's comparable to the order in Kelly and it's comparable to the Heilman injury And, Your Honor, I see my time is up I would like to reserve a minute for rebuttal I didn't think you were starting the statute of limitations running into December 2010, were you? What is the date on which you think the statute of limitations began to run? The entry of a foreclosure judgment When, when, when? That was December 23rd, excuse me, that was in 2012, Your Honor Okay, but your complaint has alleged injury in December 2010 Right How can you just keep, you know, delaying recognition of the injury until 2012? Well, that's the difficulty of this case, it poses that you have a series of injuries The difficulty, you're injured in 2010, that's when the statute of limitations starts to run Well, Your Honor, as I said, there's a series of injuries and if you use that reasoning then Well, you're supposed to use the first, but even if you use the second, two years later, you still, the statute of limitations is run Your Honor, I agree with that reasoning, but also you need to look at it in a broader sense I see my time is up now I don't understand Well, the broader sense is this The broader sense for it, first injury should be when the statute of limitations starts Certainly, the second injury Right You can't wait until the tenth injury, right? Well, the first injury is in 2009, Your Honor So, then we should have filed his Are these separate and distinct injuries? Yes, Your Honor The foreclosure judgment is separate and distinct from preventing people from moving in Absolutely, there's a whole series, starting from 2009 to 2011 And if you step back and you look at it in a broad sense, you cannot expect an individual to know from the series of injuries that their constitutional right was injured from the first injury in 2009 Well, do you concede that you may be out of the statute for what happened in 2009? Yes, absolutely, Your Honor, absolutely But as to the actual foreclosure, the losing of the building That's what you're saying, that occurred on December 23rd, 2011 with the foreclosure judgment Yes, that's correct And Your Honor, the point is, we need guidance, the judges and us, we need guidance First injury The first injury? That's highly unlikely That's what the law is Right, all right First injury All right, so if a client comes to me And then I'm going to look back to the first injury in the series And most likely, the time will be expired It's a two-year statute of limitation, too So, Your Honor, may I reserve a minute for my rebuttal? I wanted to Thank you, Judge Unless anyone has any questions, thank you Ms. Turriello May it please the Court The Oakland defendants have advanced two arguments For affirming the District Court's dismissal order The first argument we have is based on forfeiture A lot of what we heard today was not presented to the District Court At the time it ruled on the motion to dismiss The arguments have shifted  And the second argument, forfeiture aside The factual allegations of the complaint Make clear that the plaintiffs knew of the discriminatory acts And knew or should have known that their constitutional rights were violated Well before two years of when they brought suit against the Oakland defendants But aren't these separate injuries? That's a new assertion that I just heard here  So if, for instance, if actions taken that resulted in tenants Them not allowing tenants to come in If that happened in 2009 That's a separate injury based on a different constitutional violation, correct? That's one, that happened in 2009, correct? It did happen in 2009 Would you not agree that the foreclosure The actual building going into foreclosure and losing the property Is a different, separate and distinct injury? Not the way it's pled in this complaint, no It's not? No, it's not pled that way at all It's a separate and distinct injury Pleaded based on a series of events occurring over time It's not that way, it's not pled that way at all Actually, and the court honed in on in the question of counsel December 2010 is allegedly when All new tenant occupancy in the building stopped No new tenants were allowed in The allegation goes that the village manager at that point Was blocking business licenses Wasn't calling them for a vote at board of trustee meetings Let's go back even further than that though We had in March of 2010 When this initial dispute between landlord and tenant came up You know, there was a lease proposed I'm not going to renew your lease for the sale of liquor On the heels of that, the allegation is The village manager came to the property And started immediately issuing code violations You have to replace the sprinkler and fire systems in your building To the tune of $60,000 and they did that Right there, injury Then jump ahead So the court was right to identify this The December date is really the second And actually there's another injury in between there There's November Let me interrupt here There aren't separate injuries There's a single cognizable 1983 claim Based on conduct that occurred starting As I understand it, 2009 Continued in 2010 And the damages may have manifested over a course of time Beginning in December of 2010 When no tenants were allowed in the building But the fact that damages manifested over a course of time Doesn't make more than one injury It's a single 1983 injury Agreed, and that would be our position If you're on the part of your opponent To parse it out into different injuries It's not like statutes of limitations That constitute look-back rules As in the Title VII context Where a discrete discriminatory act That manifests a discrete injury of its own Separable from others that may have occurred earlier That occurs within a specific look-back period Is actionable separately That's not how 1983 statutes of limitations work We agree, and the point is And the court's already honed in on this today During counsel's argument Is that the accrual date for a Section 1983 claim Is when the discriminatory act happened The time of the discriminatory act starts the clock It's not when the consequences become painful It's not when all foreseeable harms arising from that act Are actually experienced That's not the rule, that's not the law The rule is when they knew of the constitutional violation Knew or should have known Correct, and that usually corresponds With when the discriminatory act occurred Which here, per this complaint How does that square with the district court's finding Of the date the receiver was appointed? We would have picked an earlier date, that's true The district court just said that's the outermost date Said that's the absolute latest possible date Where they knew or should have known, absolutely Not later than, could have been earlier Didn't fix an accrual date That's correct, that's correct And a lot of the argument that we've heard here today We've made a forfeiture argument in our brief We didn't need to, but we did Because we felt it was important to point out At the motion to dismiss stage They hadn't said anything about Kelly We had that, that was our premier case They didn't say anything about it, lost Then on reconsideration shifted the argument First the argument was, I didn't suffer any injury at all Until the foreclosure judgment Then on reconsideration and here on appeal The arguments become about Well you need a relatively certain injury To trigger that time clock That's a misread of the Heilman case for one That's an election fraud case The facts in that case are very specific What that analysis was And why a later date was selected Is the accrual date We don't have carry over from that case To this case So with that said I'm happy to answer any additional questions The court has, but We put it out in our briefs What our arguments are, I think we've touched upon it Quite a bit already today And we'd ask for affirmance of the district court's Dismissal order Since we have a little bit more time, maybe you can give me some more clarity Sure Back to this receivership issue Understanding that if it was the district court's Determination that That was the outermost date Yes What was the rationale for that Being the outermost date versus Originally when she said the outermost date Was the filing of the foreclosure Or the outermost date being the judgment I'm glad you asked that Because that's actually not what she said The district court's judge's ruling all along Was the last possible date Is the appointment of the receiver Nothing changed between When she originally heard the motion to dismiss And the motion to reconsider Came along This is a straw man argument And it's wrong If you look at the transcripts, if you look at her order She always selected There's no waffling, there's no flip And the rationale for the district court judge As I understood it Was that at that point When a receiver comes in And is in there to preserve the value of the property That at that point And there's evidence of this in the record as well Keys are turned over Mr. Ejibar is no longer collecting rent The receiver's doing that You have in fact lost control Of the property at that point So that was why the district court Honed in on that as the latest Possible date that they knew Loss of control, irrevocable at that point Even at that point couldn't possibly You know what I mean They can come back in and say okay I got the money I'm going to save my property With the receiver Could possibly, absolutely I mean the mortgage here was for $3 million I don't know how much they were in arrears on it But the truth of the matter is It actually The point that it really becomes revocable Is on a judgment True Yet the facts in this complaint illustrate That injury was going on We had injury and discriminatory Alleged discriminatory conduct going on Dating back as early as March Of 2010, if you want to look at earlier Pleadings, the dates were even Earlier in the original complaint Back to 2007 we had Alleged discriminatory conduct I think it's like you said It can be pretty clear and it depends On is it the point at which That they knew or should have known Of the constitutional violation And the injury or just The violation itself In other words is it the point that they Suspected or had reason to know That their rights were being violated Or is it the point when they suffered The actual injury from it When they knew or should have known not only of the violation But of the injury And if it's only knew or should have Known of the violation then I think It's pretty clear but it makes the Heilman case sort of curious because It talks about a two step process Where you first identify the injury And then say on which Date It must determine The date on which the plaintiff could have sued For that injury and in this case As far as if the injury Is the foreclosure plaintiff couldn't Assume for the injury until after the judgment It's not and that's the issue The injury is that we tanked their business Financially that's the Injury they've alleged that we cited We came in and Did code violation after Code violation they had to rack up Repair bills we refused Then to allegedly We refused to come in and Improve these repairs they have to Shell out more money and more money for the Repairs and That we stopped all new tenant Occupancy in this building That's the injury The financial hardship Would be like the last thing that Happened as a result of the financial Hardship that allegedly was caused The painful consequence If you will that cannot serve as the Approval date yes thank you Your honor okay thank you very much Ms. Turriello and Mr. Salem Do you have anything further Yes your honor a very clear point of correction In the district court initial judgment She only ruled that the cause Of action accrued at the filing Of the foreclosure action And only in the motion To reconsider did she then change her mind And say it's when the receiver Was appointed that's clear Distinction there and you can check The record on that but the point I want to make Here is her changing of her mind Of when the injury occurred Shows the uncertainty in her Decision just like your honor you Could later on when you're reading this you may Find another injury that Seems more appealing That the party should have known Counselor there aren't separate injuries I want To address that your honor one injury Different categories of damages But you're right And that's just one claim However you need To make it just as in Kelly And in Heilman you need to make a decision When did the cause of action accrue And both those cases They give you guidance they say When an official order is entered Or when something official happens And I urge the court to Review those cases and Thank you for your time Okay well thank you very much to both Counselors